UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KELLI ABSHIRE,**

    **Plaintiff,**

    v.

**DAVOL, INC.,** *et al.*,

    **Defendants.**

Case No. 2:18-cv-268

**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Kimberly A. Jolson

## **OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Stay all Proceedings (*Def. Mot.*, ECF No. 6).[1] Plaintiff in this case has filed a Response in Opposition (*Mem. Opp.*, ECF No. 11). No reply was filed, and the matter is ripe for consideration.

### I.     BACKGROUND

On February 26, 2018, Plaintiff filed this suit alleging personal injury related to the alleged failure of Defendants' hernia mesh product. (*Compl.*, ECF No. 1, ¶¶ 3, 12.) The parties agree that, on April 10, 2018, a group of more than 50 plaintiffs, including Plaintiff in the case at bar, filed a Motion for § 1407 Coordination/Consolidation & Transfer of Related Actions with the United States Judicial Panel on Multidistrict Litigation ("JPML"). (*Def. Mot.*, ECF No. 6, at

---

[1] On March 29, 2018, a Related Case Memorandum Order was entered, noting that this case is related to Case Number 2:18-cv-164, *Lane v. Davol, Inc., et al.* (ECF No. 4.) The Court held a Preliminary Pretrial Conference in *Lane* on May 9, 2018 (ECF No. 21). Following the Preliminary Pretrial Conference in *Lane*, Magistrate Judge Jolson issued an Order staying discovery pending a ruling on Defendants' motion to stay all proceedings (*Order*, *Lane*, 2:18-cv-164, ECF No. 26).

p. 3.) The Multidistrict Litigation Motion ("MDL") seeks to transfer all federal products liability cases involving Bard polypropylene mesh medical devices, both current and subsequently filed, to this district for coordination and consolidation of pre-trial proceedings. *See JPML Brief in Support of Consolidation*, MDL 2846, ECF No. 1-1. Specifically, Plaintiffs asked that this Court be designated as the transferee court to handle pre-trial proceedings in what would become MDL No. 2846 - *In re: Davol, Inc./C.R.Bard, Inc. Polypropylene Hernia Mesh Products Liability Litigation. Id.*

## II. DEFENDANTS' MOTION TO STAY

Defendants assert that the JPML's next hearing sessions are May 31, 2018, and July 26, 2018. Both parties agree that the JPML could rule on the MDL Motion this summer. (*Def. Mot.*, ECF No. 6, at p. 4.) Defendants assert that a stay is proper to prevent duplicative pretrial proceedings:

> Where, as here, the JPML is only a few months away from potentially coordinating numerous similar Bard hernia mesh product liability actions for pretrial proceedings, there is no question that a stay of this case would preserve judicial resources. Any pretrial management efforts put forth by this Court will be overtaken by the MDL court's pretrial orders if the case is transferred. Similarly, any effort by the parties in these proceedings on discovery or motion practice will be redundant to coordinated proceedings in the MDL. Although each case presents plaintiff-specific issues, the benefits of coordinated pretrial proceedings would quickly diminish if all cases are not all included. In short, both the resources of this Court (and the Parties) are best served by staying this case until the JPML rules.

(*Def. Mot.*, ECF No. 6, at p. 7.)

Plaintiff asserts that "Defendants' motion puts forth little" in the way of showing undue hardship or inequity, and their argument rests "almost entirely on the notion that the pending MDL should induce a stay of proceedings." (*Mem. Opp.*, ECF No. 11, at p. 3.) Further, Plaintiff notes that a district court "'need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on the grounds that an MDL transfer motion has

2

been filed.'" *Smokey Alley Farm P'ship v. Monsanto Co.*, No. 4:17 CV 2031 JMB, 2018 U.S. Dist. LEXIS 767, at *10 (E.D. Mo. Jan. 3, 2018) (quoting *Edmondson v. Pfizer, Inc.*, 2017 U.S. Dist. LEXIS 16891, 2017 WL 492829, *1 (E.D. Mo. Feb. 7, 2017)). (*Id.* at pp. 3-4.) While Plaintiff is correct that a Court need not automatically postpone rulings because a motion has been filed with the JPML panel, the Court must weigh several factors in making a determination to grant or deny the stay.

### A. *Legal Standard*

Federal courts have inherent power to stay proceedings before them. A federal court may stay proceedings as part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Courts have routinely exercised this inherent authority to stay pretrial proceedings during the pendency of a motion before the JPML seeking coordinated pretrial proceedings. Indeed, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *see also Davis v. DePuy Orthopaedics, Inc.*, No. CIV. 11-5139 JBS/KMW, 2011 WL 5237563, at *2 (D.N.J. Nov. 2, 2011) (staying the action pending a transfer decision by the JPML); *Esquivel v. BP Co. N. Am., Inc.*, Civil Action Nos. B–10–227, B–10–236, B–10–237, 2010 WL 4255911, at *3 (S.D. Tex. Oct. 14, 2010) ("Motions for stay pending the resolution of a motion to consolidate before the JPML are frequently granted.").

Courts consider three factors when determining whether to issue a stay of proceedings pending the JPML's decision on transfer: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to

3

the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Rivers*, 980 F. Supp. at 1360; *see also Curtis v. BP Am., Inc.,* 808 F. Supp. 2d 976, 979 (S.D. Tex. 2011) (same); *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.,* No. C.A.09-571-JJF, 2010 WL 2573925, at *3 (D. Del. June 25, 2010) (same).

### B. *Discussion*

Defendants assert that Plaintiff, who is a moving party in the MDL Motion, will not suffer prejudice if a stay is granted, but Defendants may suffer inequity if the matter is not stayed:

> This case is still in its infancy – indeed, Defendants have not responded to the Complaint. In a case pending in the Southern District of Texas that was much further along (fact witness depositions were almost complete and documents had been produced), the court granted a similar request for a stay, even though the case was not listed on the MDL petition. *See Ochoa v. C. R. Bard, Inc., et al.,* Case No. 4:17-cv-00756, ECF No. 122 (S.D. TX) (Palermo, J.). Moreover, since this action involves questions of fact that are common to the actions that the MDL Motion proposes to consolidate, Plaintiff stands to benefit from the coordination of discovery and related motion practice. Indeed, Plaintiff has requested that this case be included in the MDL. *See* Ex. 3.
>
> Conversely, if a stay is not granted in this case Defendants will suffer the prejudice of potentially inconsistent rulings by individual federal district courts. *See Alexander v. GlaxoSmithKline, LLC,* Civil Action No. 15–2323, 2015 WL 5446792, at *1 (E.D. La. Sept. 15, 2015) ("[B]etween the various lawyers and judges on the cases, there is a grave potential for conflicting discovery orders. This poses not only a hardship for the defendants, but mocks an efficient and orderly judicial system.") (citation omitted). Further, absent stay Defendants will have to engage in parallel proceedings in numerous courts while being temporarily denied the full benefit of the highly organized process of the MDL proceedings, which were established in part to conserve the resources of parties, their counsel, and the judiciary. *See, e.g., Pace v. Merck & Co., Inc.,* No. CIV 04-1356 MCA/ACT, 2005 WL 6125457, at *2 (D.N.M. Jan. 10, 2005) ("[Defendant] faces a significant risk of duplicative motion practice and redundant discovery proceedings absent a stay."). Given this potential risk, and given that Plaintiff in this action seeks inclusion of this case in the proposed MDL, this case should be stayed.

(*Def. Mot.*, ECF No. 6, at p. 8.)

In this instance, a consideration of all of the factors weighs in favor of staying this case pending the outcome of the MDL Motion. If numerous courts, including this Court, proceed with pretrial matters in advance of the JPML's decision, then the efforts of the courts and litigants may be needlessly repeated. If the MDL is granted, and the case is transferred, the transferee court may consider any and all pretrial matters at that time. In the event the MDL is denied, or in the event the MDL is granted and the MDL case is assigned to this district, then the stay can be lifted immediately, and this Court can proceed with this matter. Under these circumstances, Plaintiff faces no unfair prejudice from the requested stay.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay all Proceedings (*Def. Mot.*, ECF No. 6) is **GRANTED**. It is ORDERED that all proceedings in this Court are hereby **STAYED** until the Judicial Panel on Multidistrict Litigation decides the MDL Motion.

**IT IS SO ORDERED.**

6-4-2018
**DATE**

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE